DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal No. 2014-26 |
| | ) |
| **TROY NORMIL,** | ) |
| | ) |
| Defendant. | ) |

APPEARANCES:

**Gretchen Shappert**
**Meredith Edwards**
United States Attorney Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Troy Normil**
Salters, SC
    *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny Troy Normil's 28 U.S.C. § 2255 petition ("2255 petition").

On May 8, 2014, Troy Normil ("Normil") was indicted by a federal grand jury on nine charges. Normil pled guilty to one count of carjacking in violation of 18 U.S.C. § 2119; and one count of using a deadly weapon during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). Normil was sentenced to 40 months imprisonment on the carjacking count and

84 months imprisonment on the use of a deadly weapon count. The sentences for the two counts were to run consecutively. The Court further sentenced Normil to three years of supervised release on the carjacking count and five years of supervised release on the use of a deadly weapon count. The terms of supervised release were to run concurrently. Finally, the Court ordered Normil to pay $2,416.31 in restitution and a special assessment of $100 for each count of conviction.

On June 6, 2016, Normil filed the instant motion seeking relief under 28 U.S.C. § 2255 (the "2255 petition"). The United States filed an opposition on September 13, 2016. On February 28, 2019, the Magistrate Judge entered a Report and Recommendation recommending that the Court deny Normil's 2255 petition.

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) aff'd, 276 Fed. App'x. 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a de novo review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'").

    Normil did not file an objection to the Magistrate Judge's report and recommendation. Accordingly, the Court will review the Report and Recommendation for plain error.

    In his 2255 petition, Normil argues that his sentence should be vacated because he is actually innocent. Normil asserts that carjacking is no longer a crime of violence under

*Johnson v. United States*, 135 S. Ct. 2551 (2015). Thus, Normil argues, his sentence should not have been enhanced under 18 U.S.C. § 924(c)(1)(A)(ii) ("Section 924"). However, as noted by the Magistrate Judge, "following *Johnson*, the [Armed Career Criminal Act] still provides that a defendant who has been convicted of a violent felony, as defined under either of the two remaining provisions, may have his sentence enhanced under § 924(e)." *See* ECF No. 64 at 5. In this case, Normil was convicted under Section 924(c). Section 924 (c)(3) defines a crime of violence as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(A) and (B).

The Magistrate Judge further noted that all circuits to consider whether carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under Section 924(c)(3)(A) have concluded that it is. The Magistrate Judge also relied on *United States v. Foster,* 734 Fed. App'x 129 (3d Cir. 2018). In that case, the defendant was convicted of robbery, carjacking, and firearm offenses. On appeal, the defendant challenged "the District Court's determination that Hobbs Act robbery and carjacking are

crimes of violence under § 924(c) of the [Armed Career Criminal Act]." *Id.* at 132 n.5. The Third Circuit affirmed the district court, explaining that carjacking "can serve as a predicate offense for purposes of [the defendant's] § 924(c) convictions because [the defendant] was contemporaneously convicted of a firearm offense." *Id.* Similarly, here, Normil was convicted of carjacking and using a deadly weapon during the commission of a crime of violence. A dispositive legal issue here is whether using a deadly weapon during a carjacking is a crime of violence. In light of Third Circuit precedent, the Court is persuaded that it is. *Cf. Darby v. United States*, 2018 WL 3412846, at *3 (D.N.J. July 12, 2018) ("[C]arjacking, when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A)(ii), is *categorically* a crime of violence pursuant to the elements clause of § 924(c).").

Having reviewed the Magistrate Judge's Report and Recommendation for plain error, the Court finds that the Report and Recommendation is wholly consistent with the applicable legal authority. Moreover, the Court finds no error, let alone plain error, in the Report and Recommendation.

The premises considered; it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 64 is **ADOPTED**; it is further

    **ORDERED** that Troy Normil's 2255 petition docketed at ECF Number 48 is **DENIED;** it is further

    **ORDERED** that all pending motions are **MOOT;** and it is further

    **ORDERED** that the Clerk of Court shall **CLOSE** Civil Case Number 3:16-cv-45.

                                                 S\\_____
                                                 **CURTIS V. GÓMEZ**
                                                 **District Judge**